IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEAN WARREN EWING and LESLIE RENE EWING, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:20-CV-127-M-BR |
| FARM SERVICE AGENCY et al., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PLAINTIFFS' ADMINISTRATIVE PROCEDURE ACT CLAIMS**

Plaintiff Dean Ewing borrowed money from the Farm Service Agency (FSA), a division of the United States Department of Agriculture. A few years later, the FSA accelerated the loans by mailing foreclosure notices, causing the Ewings to bring this suit to stop the foreclosure. In part, the Ewings claim the FSA's mailing of foreclosure notices violated the Administrative Procedures Act (APA). The parties agree that the Court must decide these issues based on the FSA's administrative record. (ECF 22). Accordingly, the Court entered a briefing schedule on the APA claims. (ECF 36). Having now considered the administrative record (ECF 37), the Ewings' brief (ECF 38), and the FSA's brief and appendix (ECF 39, 40), the Court concludes that the Ewings' APA claims are (A) barred because the Ewings failed to exhaust administrative remedies, (B) waived for failing to plead the arguments in the briefing, and (C) without merit. Accordingly, undersigned magistrate judge recommends that the APA claims be DISMISSED.

**I.   BACKGROUND**

In 2015, the Ewings planned to expand their farming and ranching operation. Dean owned

160 acres and had farmed since 1979. (AR 6).[1] He intended to buy 2,948 acres from his parents to graze cattle. (AR 6). The Ewings' land straddled the Texas–Oklahoma boarder. Some of the land was in Hollis, Oklahoma; most of it was in Childress County, Texas. (AR 15, 34). To finance this expansion, the Ewings borrowed money from Stockman's Bank and also applied for financing from the Farm Service Agency (FSA). (AR 15). The FSA approved Dean for both an operating loan and a direct loan. *See* 7 U.S.C. §§ 1942, 1923; (AR 22, 25).

On December 31, 2015, after being approved for both loans, Dean Ewing signed promissory notes and mortgages with the FSA, listing his mailing address as 2590 County Road 20, Dodson, Texas. (AR 24, 27, 28). Dean stated this address multiple times:

AR 24

*[Signature: Warren Dean Ewing]*
WARREN DEAN EWING
2590 COUNTY ROAD 20
DODSON, TX  79230-5600

AR 35

THIS MORTGAGE ("instrument") is made on DECEMBER 31, 20 15. The mortgagor is WARREN DEAN EWING AND LESLIE RENE' EWING, HUSBAND AND WIFE ("Borrower") whose mailing address is 2590 COUNTY ROAD 20, DODSON, TX 79230-5600. This instrument is given to the United States of America through the Farm Service Agency, United States Department of Agriculture

Although Dean had previously listed other mailing addresses with the FSA (*see e.g.*, AR 3, 4, 9), on December 31, 2015, he consistently stated their mailing address was in Dodson, Texas. This is the last address Dean provided the FSA.

By July 2016, Dean had fallen behind on his payments, so the FSA mailed him notice, by certified mail, to the Dodson, Texas address. (AR 42). It was returned unclaimed. (AR 55). The same day, the FSA also sent Leslie a notice to the Dodson, Texas address. (AR 57). Over the next year, the FSA mailed five notices to the Dodson, Texas address—eventually, in October 2016 and

---

[1] The cites to the Administrative Record, which can be found at ECF 37, are denoted as "AR."

2

November 2017, accelerating the loan and demanding payment. (AR 59, 72, 74, 82, 87). These notices were sent by both certified and regular mail to the Dodson, Texas address. (AR 121–22). Finally, in November 2018 and February 2019, the FSA notified Dean that he was in default. (AR 93, 99). The FSA sent the February 2019 notice, like the others, by certified mail to the Dodson, Texas address; but unlike the others, Dean signed and accepted it. (AR 103).

Although the FSA's repeated notices failed to evoke a response, its plan to sell Dean's land roused the Ewings to action. On October 8, 2019, the FSA scheduled the sale for November 5, 2019. (AR 109–112). On October 30, 2019, the Ewings sued the FSA to stop the sale in the 100th Judicial District of Childress, County, Texas. *See Ewing v. United States*, No. 2:19-cv-208, at ECF 1-4 (N.D. Tex. 2019). In that pleading, the Ewings stated that they both resided in Oklahoma and continued to occupy the Dodson, Texas property. (*Id.* at ECF 1-4, ¶¶ 3, 5, 30–31). The United States and other defendants removed the action to this Court. (*Id.* at ECF 1). The day after removal, Dean Ewing filed for bankruptcy in the Western District of Oklahoma. (*Id.* at ECF 4). On January 22, 2020, the Ewings voluntarily dismissed that civil suit. (*Id.* at ECF 13). And after five months and no relief, Dean requested, and the court granted, that the bankruptcy be dismissed. *In re Ewing*, No. 19-14510.

About a month later, on May 18, 2020, the Ewings filed this action. Both the original complaint and the second amended complaint, which is their live pleading, allege that the FSA (a) illegally disseminated their private financial information, and (b) took arbitrary and capricious action "not in accordance with the law" by failing to mail notices by certified mail. (ECF 1, 34). After the Court notified the parties about its subject-matter jurisdiction concerns, the Ewings amended their complaint, specifying that the final agency action of which they complain is the foreclosure notice that the FSA mailed. (ECF 37; AR 34 at ¶ 33). The parties requested that the

Court first address the Ewings' claims under the Administrative Procedure Act (APA) and ordered a briefing schedule on these claims. (ECF 22, 36). The Ewings filed their brief, the FSA responded, and the Ewings' date to reply passed on September 3 without a brief. The Ewings' APA claims are now ripe.

## II.     STANDARD

Under the Administrative Procedure Act (APA), district courts may review federal agencies' actions. *See generally* 5 U.S.C. §§ 701–706. "When asked to review an agency action or determination under the APA, the district court acts not as a fact finder, but reviews the record compiled before the administrative agency to determine whether the agency's action was arbitrary or capricious." *Garcia for Congress v. FEC*, 22 F. Supp. 3d 655, 658 (N.D. Tex. 2014) (internal quotation and citations omitted); *see also* 5 U.S.C. § 706(2)(A). This "highly deferential" standard "focuses on whether an agency articulated a rational connection between the facts found and the decision made." *Pension Ben. Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366 (5th Cir. 2004). The district court "cannot substitute its judgment for that of an agency . . . and must affirm if a rational basis for the agency's decision exists." *Dyer v. Blue Cross & Blue Shield Ass'n*, 848 F.2d 201, 205 (D.C. Cir. 1988) (internal citation omitted).

## III.     ANALYSIS

Three independent grounds support dismissing the Ewings' APA claims. First, the Ewings failed to exhaust their administrative remedies before bringing this claim, barring their claims. Second, even if the claims were properly before the Court, the Ewings' argument has been waived. Their brief argues that the FSA mailed notices to the wrong address. But this claim is not in their live pleading. And last, even if the Court were to consider their argument, the FSA mailed the notices to the correct address. The Court addresses each argument below.

**A. The Ewings' failure to exhaust administrative remedies bars their APA claims.**

The FSA loaned the Ewings money through programs authorized by the Secretary of Agriculture. *See generally* U.S.C. §§ 1921–1949. Under the Secretary's rules, "a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court . . . ." 7 U.S.C. § 6912(e); *see also U.S. v. Mercer*, No. 1:05-cv-1274-SEB-JMS, 2007 WL 2822510, *4 (S.D. Ind. Sept. 26, 2007) ("Before a person may bring an action against the Department of Agriculture, FSA, or any officer or employee thereof, he must first exhaust all of his administrative appeals."). Although this statute is not jurisdictional, overcoming the administrative-exhaustion requirement has been described as "difficult." *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 597 (5th Cir. 2007). The five limited grounds to do so are as follows: (1) the unexhausted administrative remedy would be plainly inadequate; (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy; (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim; (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim; and (5) irreparable injury will result absent immediate judicial review. *Id.* at 606. Absent one of these grounds, the claim is barred. *Id.* at 607.

For the direct- and operating-loan programs at issue here, the Secretary requires adverse decisions to be appealed to the USDA's National Appeals Division. *See* 7 C.F.R.§ 11.6. This requirement was stated on many of the mailings. (AR 49–50, 53–54, 67, 70–71, 75, 83). There is no record of the Ewings filing an appeal, they do not argue they did, and the FSA submitted an affidavit that affirmatively states they did not appeal. (ECF 40). The Ewings also fail to argue that one of the limited exceptions to the administrative-exhaustion requirement applies, and the Court concludes that none do. Therefore, the undersigned magistrate judge concludes that the Ewings'

APA claims are barred. *See Mercer*, 2007 WL 2822510 at *4 (barring APA claim after FSA borrower untimely administratively appealed for failing to exhaust administrative remedies).

### B. The Ewings waived their APA argument regarding addresses because their pleading does not contain it.

Generally, the pleadings frame and narrow issues for the court to decide, and the evidence presented must conform to the pleadings. *See generally* 71 C.J.S. *Pleading* § 2 (2021). Following this principle, summary-judgment arguments that are unsupported by pleadings are waived. *See Hoffman v. L & M. Arts*, 838 F.3d 568, 576–77 (5th Cir. 2016). Here, the Ewings' second amended complaint does not state that notice was mailed to the wrong address. Instead, the complaint focuses on the FSA's alleged failure to mail the notices by certified mail.[2] (ECF 34 at ¶¶ 14, 28, 29, 39, 41, 42). In the ordered APA briefing, the Ewings switch from this complaint to a new complaint—that the FSA mailed notice to the wrong address. Because the Ewings failed to plead this argument, it is not properly before the Court. Accordingly, the undersigned magistrate judge concludes that this argument is waived.

### C. The Ewings' APA claims lack merit because the FSA complied with the law.

Under the FSA's regulations, it must notify borrowers "by certified mail to the last known address of the borrower." 7 C.F.R. § 766.101(c). As shown above, Dean signed above the Dodson, Texas address on both notes, and listed it as his "mailing address" on both mortgages. (AR 24, 27, 28, 35). Dean listed other addresses in the past, but the Dodson address was his "last known address." Regardless of where he actually lived, mailing notices to the Dodson address was not "arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with the law." (Pls.' 2nd Amend. Comp't, ECF 34 at ¶ 27). Dean provided the Dodson, Texas address to the FSA

---

[2] The administrative record conclusively establishes that the FSA notified the Ewings by certified mail. (*See e.g.*, AR 121–22).

6

and he never updated the address. Moreover, the result seems fair for two additional reasons. First, on March 8, 2019, Dean accepted delivery of a notice at the Dodson, Texas address. Second, in the Ewings' prior complaint filed in state court—which Dean verified as true—he swore that the Ewings "continue to occupy and preserve the Property."[3] *Ewing v. U.S.*, 2:19-cv-208, ECF 1-4 at ¶ 30 (N.D. Tex. 2015). For these reasons, even if the Court reached the APA claims' merits, the undersigned magistrate judge concludes that they are meritless.

## IV.  RECOMMENDATION

Based on the conclusions above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Plaintiffs' causes of action under the APA be DISMISSED.

IT IS SO RECOMMENDED.

ENTERED September 28, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain

---

[3] The Property was defined as "2590 County Road 20, Dotson (sic), TX." *Ewing v. U.S.*, 2:19-cv-208, ECF 1-4 at ¶ 5. (N.D. Tex. 2015).

error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).